J. C. HADSELL & CO., INC.,
Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 8243.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 11, 1974.

Rehearing Denied Dec. 17, 1974.

William J. Ruhe, Jr., Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellant.

Arlen D. Bynum, Bradshaw & Bynum, Dallas, for appellee.

CHADICK, Chief Justice.

This is a garnishment before judgment case. The judgment of the trial court awarding the garnishee an attorney fee is affirmed.

Appellant, J. C. Hadsell & Company, as plaintiff, instituted the garnishment proceeding in the trial court. Appellee, Allstate Insurance Company, was named garnishee in the proceeding. These parties' names will be abridged to Hadsell or Allstate, as the case may be in the discussion that follows. In a previously filed action

Hadsell sued Texas Continental Express, Inc. and Packers Express, Inc. for debt and these two intravened and became parties to the garnishment proceeding.

Appellant Hadsell construes its trial pleadings as an action for dual relief, that is, for relief by way of a temporary restraining order and temporary injunction to preserve the status quo until notice and hearing might be had and relief awarded by way of garnishment and views the trial court orders as implementation or furtherance of such relief. Appellee Allstate construes the trial pleadings and the court orders thereon as a garnishment proceeding in which a temporary restraining order appellant Hadsell caused to be issued performed the function of and was in fact a misnamed writ of garnishment. Allstate, in accordance with its views, filed a garnishee's answer. The differing constructions of the pleadings* and orders, as further discussion will show, are immaterial to the disposition of this appeal.

■ Appellant Hadsell instituted a suit and prayed for a writ of garnishment to issue. Without waiting for a writ denominated writ of garnishment but treating the temporary restraining order as a writ of that nature, appellee Allstate answered as it would have to a writ of garnishment. Hadsell argues the answer is premature and urges that it be disregarded in this appeal without citing authority for doing so. By filing an answer Allstate simply did that which appellant Hadsell asked the court after hearing to compel Allstate to do. Unquestionably, Allstate as garnishee could not by voluntarily answering affect or waive any right of Texas Continental Express, Inc. or Packers Express, Inc., but it could and did waive its, Allstate's, right as garnishee to be served with a writ of garnishment. Selman v. Orr, 75 Tex. 528, 12 S.W. 697 (Tex.Com.App.1889, opinion

adopted); Freeman v. Miller, 51 Tex. 443 (Tex.1879); 27 Tex.Jur.2d Garnishment, Section 91; 38 C.J.S. Garnishment § 157. Whether or not the temporary restraining order was in effect a writ of garnishment is immaterial as Allstate's answer waived, as to Allstate, the necessity of Hadsell causing a writ of garnishment issue.

■ Allstate's answer denied that it was indebted to Texas Continental Express, Inc., or Packers Express, Inc., and that it was not indebted to either at the time the writ was served or at the time answer was filed, and denied possession of any effects belonging to such express companies. Allstate's answer was not objected to and never controverted. The allegations of Allstate's answer substantially complied with the allegations prerequisite to discharge of a garnishee under the provisions of Texas Rules of Civil Procedure, rule 666. Gray v. Armour & Co., 129 Tex. 512, 104 S.W.2d 486 (Tex.Com.App.1937, opinion adopted).

■ Appellant Hadsell moved for a non-suit and such motion was granted with costs taxed against the movant. The only action of the trial court questioned by appellant Hadsell is allowance, in connection with dismissal, of an attorney fee to the garnishee Allstate. Non-suit was a formal abandonment of the garnishment action. All cost incidental thereto was properly taxable to Hadsell. Bridewell v. Clay, 185 S.W.2d 170 (Tex.Civ.App.Dallas 1944, writ ref'd). Attorney fees may be allowed to a garnishee and taxed as cost against the plaintiff in a garnishment action when the garnishee is discharged upon answer. Tex.R.Civ.P. 677. Allstate's garnishment answer, in addition to other matters, stated an affirmative claim for recovery of attorney fees incurred in the preparation and prosecution of the answer and prayed for judgment thereon. Such pleading consti-

---

* In oral argument it was suggested Hadsell's pleadings were an effort to cope with Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972); etc. (Mitchell v. W. T. Grant Co., 416 U.S. 600, 40 L.Ed.2d 406, 94 S.Ct. 1895 (1974) had not been decided when this case arose.)

**214**

tuted a counter claim. 20 Tex.Jur.2d Dismissal, Section 12; McDonalds Tex.Civ. Practice, Section 7.47. Non-suit did not prejudice Allstate's right to be heard on this counter claim. Tex.R.Civ.P. 96. Unless the contrary appears, a trial judge is presumed to have disposed of issues in a case in a lawful manner. By discharging Allstate on its uncontroverted answer, as Rule 666 permitted, the trial judge was authorized by Rule 677 to award an attorney fee and as the record shows, did so. Although the judgment did not refer to this discharge step in so many words a discharge under Rule 666 is implicit in the court's action. The judgment implies such discharge. The attorney fee allowance was proper.

The judgment of the trial court is affirmed.