Kokila Shah GANDHI, Appellant,

v.

Bharat H. GANDHI, Appellee.

No. 17074.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 2, 1978.

Hirtz & McDonough, Ted Hirtz, Houston, for appellant.

Beaumont Martin, Houston, for appellee.

PEDEN, Justice.

Mr. Bharat Gandhi sued Kokila Gandhi, a resident of India, for divorce. Bharat Gandhi took a non-suit, and the motion of Mrs. Gandhi's attorneys ad litem for reasonable attorneys' fees was denied. We agree with the appellant and with the trial judge's subsequent conclusion that the denial constituted error.

Bharat Gandhi is a resident of Harris County. Citation was served on Mrs. Gandhi by registered mail pursuant to Rule 109a, Texas Rules of Civil Procedure. She replied by letter and stated that she was arranging to file an answer through her solicitors. When no answer was filed, the court appointed Mr. Elliott T. Gerstenhaber and Mr. Ted Hirtz her attorneys ad litem under Rule 244, T.R.C.P. They filed a special appearance, a general denial, a motion to rule plaintiffs for costs and a motion for temporary alimony.

When the trial judge ordered the plaintiff to deposit $2500 as security for costs, he took a non-suit. The court entered it and denied Mrs. Gandhi's prayer for $995 attorneys' fees, signing his order on July 20, 1977; a motion for new trial had been filed on July 15. The trial judge denied the claim for attorneys' fees at a hearing on the motion for new trial on August 15, then called a rehearing, *sua sponte*, on September 9 and confessed error in denying the motion but concluded that he had lost jurisdiction over the matter. We believe the court still had jurisdiction on September 9, because 30 days had not elapsed since the denial of appellant's motion for new trial. *Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex. 1976); Tex.R.Civ.P., Rule 329b 5. Appellant does not, however, directly attack any of the problems which occurred at the post judgment proceedings.

Appellant's sole point is that the trial court erred in denying fees to the appointed attorneys when the plaintiff took a non-suit. Rule 244 states that "[t]he court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs." The Fourteenth Court of Civil Ap-

peals has held that the court has the duty to award reasonable attorney's fees to an appointed attorney.

"The attorney ad litem is an officer of the court. He is to be paid a reasonable fee for the service which he renders. Such fees are assessed as costs of suit." *Estate of Tartt v. Harpold,* 531 S.W.2d 696, 698 (Tex.Civ.App.1975, writ ref., n. r. e.).

The fact that the plaintiff voluntarily took a non-suit does not relieve him from his duty to pay costs. Once a plaintiff formally abandons his cause of action, costs are taxable against him. *J. C. Hadsell & Co. v. Allstate Insurance Co.,* 516 S.W.2d 211, 213 (Tex.Civ.App.1974, writ dism.); *Bridewell v. Clay,* 185 S.W.2d 170, 172 (Tex. Civ.App.1944, writ ref.)

Reversed and remanded to the trial court for the awarding of reasonable attorneys' fees and the taxing of costs.