Janet Youens WOLTERS, Appellant,

v.

John Hansford WHITE, Appellee.

No. 04-82-00227-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 21, 1983.

Rehearing Denied Oct. 26, 1983.

Sam Bayless, Jack Paul Leon, Leon & Bayless, San Antonio, for appellant.

James D. Stewart, Stewart, Hemmi & Pennypacker, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order taxing attorney's fees against the movant in a motion to modify the managing conserva-

1. The statutory references are to TEX.FAM. CODE ANN. (Vernon Supp.1982–1983) unless

torship of two children. TEX.FAM.CODE ANN. § 14.08 (Vernon Supp.1982–1983).[1] Appellant, Janet Youens Wolters, the mother and possessory conservator, sought modification of the order appointing John H. White, Jr., the father, managing conservator of the two children of their marriage, the order issuing at the time of the parties' divorce on May 15, 1978. The only issue on appeal is whether the trial court properly assessed attorney's fees in this case as costs of the suit. (§ 11.18(a)). Resolving that attorney's fees should not have been taxed as costs, we reverse and render.

Following the divorce in Uvalde County, the father filed a motion there asking that conditions of visitation be modified to reflect his move to Bexar County with the children. The mother filed a motion to modify the managing conservatorship in Uvalde County. The trial court denied her motion without a hearing (§ 14.08(d)) on January 9, 1979. The mother then filed her motion to set aside that order. On May 21, 1979, "after hearing the argument and statements of counsel," the court denied the mother's motion to set aside, the father's motion to modify, together with motions for contempt by both parties. That order of May 21, 1979, reconfirmed the father as managing conservator but altered the mother's possessory rights of the children by specifying particularly their periods of visitation with the mother, who had married again and now resided in Columbus. In his motion to modify the terms and conditions of the possessory conservator's visitation rights, the father plead and prayed that his attorney's fees be taxed as costs against the mother. (§ 11.18(a)). The court ordered, however, that each party pay

... his own attorney's fees and expenses incurred in connection with the motions filed herein and that costs of court expended in this behalf are hereby adjudged against the party who originally incurred such costs in connection with the motions filed and overruled herein.

otherwise stated.

We accordingly view this as a final disposition of court costs, including attorney's fees, arising from and in connection with all the Uvalde court proceedings in suits affecting the parent-child relationship between these parties. Bexar County now has jurisdiction of suits involving the children.

The mother premises her sole point of error on the absence of an active pleading in the present suit requesting attorney's fees; she reasons that because the father did not plead and pray for attorney's fees, the trial court lacked authority to tax the fees as costs under section 11.18(a). The father had filed no answer when the trial to a jury began on January 18, 1982. When he attempted to file his response on January 19, which contained a prayer for attorney's fees and costs, the trial court agreed it was untimely and ordered the answer stricken. The rules governing trials of cases affecting the parent-child relationship do not require that a respondent file a response in the case. *See generally,* § 14.01, *et 'seq.* On January 21, 1982, the mother was granted a mistrial. (The reason is not reflected in the record.) On January 22, 1982, the mother obtained a nonsuit. Just minutes thereafter the father filed his second amended answer to the suit. In it he pleads for attorney's fees as a *counterclaim;* in addition he prays for attorney's fees and costs. It is this last pleading wherein he first pleads for affirmative relief in the form of attorney's fees.

■ There is no dispute that the request for affirmative relief (attorney's fees) was filed after the nonsuit was granted. TEX. R.CIV.P. 164 provides;

> Upon the trial of any case at any time before the plaintiff has rested his case, i.e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, *but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief.* (Emphasis added.)

The trial judge who signed the order granting the nonsuit (not the original trial judge)

found it necessary to amend the order to state that costs would be assessed against the movant (mother). It is proper and fitting that court costs be assessed against the party taking the nonsuit. *See Bridewell v. Clay,* 185 S.W.2d 170, 172 (Tex.Civ.App.—Dallas 1944, writ ref'd).

■ The father filed his motion for the court to set aside the order of nonsuit or, in the alternative, to determine the costs to be assessed against the mother. Included in that motion was the request that the court assess attorney's fees as costs under section 11.18(a), alleging that his attorney's fees amounted to more than $25,000.00 "in this case." At the hearing, the court assessed costs, including attorney's fees against the mother.[2] Section 11.18(a) provides:

> In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

It has long been discretionary with the trial court to award attorney's fees in custody and child support matters. *Drexel v. McCutcheon,* 604 S.W.2d 430, 433–34 (Tex. Civ.App.—Waco 1980, no writ). (That case noted that section 11.18(a) does not abolish the common law rule permitting attorney's fees as "necessaries" for the child.) *Id.* at 434. The Supreme Court, regarding a defendant jailed for non-support, stated, "The attorney's fee is but a part of the procedural remedy for enforcing substantive rights and the fee allowed as well as other costs in the proceeding is incidental to and a part of the payments necessary for the support of minors." *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 189 (1953). It is readily apparent that section 11.18(a) adds another dimension to the growing family law-related statutes and rules providing for attorney's fees.

2. At the hearing to determine costs, without waiving her objection to assessment of attorney's fees, the mother stipulated, as did the father, that the sum considered to be reasonable in the event of assessment was $15,000.00. This is the sum taxed by the court as costs.

Technical rules of practice and pleading are of little importance in determining issues concerning support or custody of children. *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex.1967). Cases can proceed to trial without the defendant's response or answer. *See Roquemore v. Roquemore*, 431 S.W.2d 595, 600 (Tex.Civ.App.—Corpus Christi 1968, no writ). A judge may even grant more child support than requested. *Poulter v. Poulter*, 565 S.W.2d 107, 111 (Tex.Civ.App.—Tyler 1978, no writ). In fact, the court may even award child support without any request for it in the pleadings. *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). Section 14.07(a) states the rationale applied in these cases:

> The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child.

Being mindful of the many cases which emphasize the foregoing concern for the child's best interest and those which have upheld attorney's fees awarded as "necessaries," we are also aware of the breadth of the court's discretion in awarding those fees. However, to ask for attorney's fees under section 11.18(a) is to plead for affirmative relief. In this case the father designated his request a *counterclaim* in his pleading filed after the nonsuit was entered. We believe this was a correct designation. TEX.R.CIV.P. 97.

In a garnishment suit relied upon by the father, *J.C. Hadsell & Co. v. Allstate Insurance Co.*, 516 S.W.2d 211, 213 (Tex.Civ.App. —Texarkana 1974, writ dism'd) plaintiff was granted a nonsuit and costs taxed against the company. The court held all costs incidental to the suit were properly taxable to plaintiff. The court further noted that attorney fees may be allowed under the garnishment action when the garnishee is discharged upon answer. *Id.* at 213. TEX.R.CIV.P. 677. The court further said:

> Allstate's garnishment answer, in addition to other matters, stated an affirmative claim for recovery of attorney fees incurred in the preparation and prosecution of the answer and prayed for judg-

ment thereon. Such pleading constituted a counterclaim. (Citations omitted) Non-suit did not prejudice Allstate's right to be heard on this counterclaim ...

The attorney fees allowance was proper. *Id.* at 213–214. In *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979) the Supreme Court reaffirmed that a judgment must be based upon pleadings, and stated, "A plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent..." In that case, a default judgment one, the original plaintiff had taken a nonsuit and a money judgment was entered for an intervenor with a counterclaim. The judgment for money damages was based on relief not asked for in pleadings *at the time of the nonsuit* but rather, by a later trial amendment. The plaintiff in *Stoner* was found not to have "fair notice" of the claim for relief which was not contained in the pleadings before he quit the suit.

When the mother in the instant case obtained the nonsuit, no pleadings of the father in the suit were before the court. Had there been a counterclaim for relief, the trial court would have been bound to act upon it. TEX.R.CIV.P. 97.

Absent a mandatory statute, the court's jurisdiction to render judgment for attorney's fees is invoked by pleadings, and a judgment unsupported by pleadings is void. *See Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex.Civ.App.—Dallas 1975, no writ). Section 11.18(a) does not purport to be a mandatory statute compelling the court to tax attorney's fees as costs. An example of that kind of statute is Rule 244 which does require the court to tax as costs the fees of the attorney *ad litem* when the case is one utilizing service by publication. *Gandhi v. Gandhi*, 564 S.W.2d 388, 389 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ).

Finding that section 11.18(a) leaves the matter of taxing as costs attorney's fees in a given case entirely to the discretion of the court, we hold that the question must first come before the court by way of affirmative pleading filed in the

case, unless the issue is waived or tried by consent. We accordingly hold in the present case the trial court was without authority to tax as costs the attorney's fees.

The mother does not argue that the sum of $1,000.00 for examinations of family members by a psychiatrist was improperly taxed against her as costs of suit. We hold the court properly taxed all costs of the suit, other than attorney's fees, against the movant, the mother. We therefore affirm the judgment as to costs in all matters excepting attorney's fees. We reverse and render that portion of the judgment which taxes attorney's fees as costs in this suit.

The judgment is affirmed in part and reversed and rendered in part.