**ALDINE INDEPENDENT SCHOOL DISTRICT, Relator,**

v.

**Hon. Louis M. MOORE, Respondent.**

**No. 01–85–0194–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 27, 1985.

F. James Wunderlich, Houston, for relator.

Mary Heafner, Houston, for respondent.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

Relator, Aldine Independent School District seeks a writ of mandamus to compel respondent, the Honorable Louis M. Moore, Judge of the 281st Judicial District Court of Harris County, to rescind that portion of his order signed February 18, 1985, which required relator to deposit the sum of $1,375 into the court's registry for the payment of attorney ad litem fees. We conditionally grant the requested relief.

Relator filed this mandamus in connection with its pending suit against a defendant taxpayer to collect delinquent ad valorem taxes. In that suit, the trial court appointed an attorney ad litem on the rela-

tor's motion alleging that it was unable to locate the whereabouts of the defendant taxpayer.

The attorney ad litem answered on behalf of the taxpayer, and also moved the court to require a deposit of costs to assure payment of her ad litem fees. The respondent then entered the subject order directing relator to pay the specified amount into the court's registry. The order required that such payment be made within 30 days, decreed that the amount be taxed against relator as court costs, and enjoined relator from passing such costs on to the defendant taxpayer.

■ The trial judge was authorized to appoint an attorney ad litem to represent the defendant taxpayer, and to tax the attorney's fees as costs of court. *Gandhi v. Gandhi*, 564 S.W.2d 388, 389 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ); *Estate of Tartt v. Harpold*, 531 S.W.2d 696, 698 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); Tex.R.Civ.P. 244. As a general rule, the cost of such fees are taxable against the losing party, unless it is shown that there is no property out of which the fee can be collected, in which event the court may charge the cost against the successful plaintiff. *See Bruni v. Vidaurri*, 140 Tex. 138, 166 S.W.2d 81 (1942).

But the Texas Tax Code provides that a taxing unit shall not be liable for costs in a suit to collect taxes, and it cannot be required to post security for costs. Tex.Tax Code Ann. sec. 33.49 (Vernon 1982). Our courts have consistently held that a school district, as a taxing unit, is exempt from payment of court costs in a suit to collect taxes. *Leander Independent School Dist. v. Texas Conference Assin. of Seventh-Day Adventists*, 679 S.W.2d 487 (Tex.1984) (per curiam); *Nacogdoches Independent School Dist. v. McKinney*, 513 S.W.2d 5 (Tex.1974); *Kerrville Independent School Dist. v. Southwest Texas Encampment Assin.*, 673 S.W.2d 256, 261 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) (op. on reh'g).

■ The fact that the relator may be exempt from taxation does not necessarily mean that the defendant taxpayer is liable for the cost of the ad litem fees. If the defendant taxpayer is ultimately successful in defending against relator's action, the trial court may only tax against him those costs which were "incurred by him." Tex. R.Civ.P. 127; *see, e.g., Electra Independent School Dist. v. W.T. Waggoner Estate*, 140 Tex. 483, 168 S.W.2d 645, 653 (1943).

■ We are authorized to consider relator's application for a writ of mandamus pursuant to the provisions of Tex.Rev.Civ. Stat.Ann. art. 1824 (Vernon Supp.1985). Because the trial court's order violates the mandatory provisions of the Tax Code exempting relator from liability for costs, mandamus will lie to set aside the order, unless the relator has an adequate remedy by appeal. *State Bar v. Heard*, 603 S.W.2d 829, 834 (Tex.1980). The order is interlocutory, and the relator does not have an adequate remedy by appeal. *See Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523 (1961).

We grant relator's application, but order issuance of a writ of mandamus only in the event that the trial court does not rescind that part of the order assessing costs against relator. The writ of mandamus is conditionally granted.