**Hazel C. WADDELL, Relator,**

v.

**The Honorable Dean HUCKABEE, Judge of the 247th District Court of Harris County, Texas, Respondent.**

**No. 01–90–01106–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1991.

Norris Dennard, Houston, for relator.

S. Tanner Garth, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

SAM BASS, Justice.

Relator, Hazel C. Waddell, seeks relief from orders pertaining to motions for discovery, appointment of a special master in chancery, denial of her motion to recuse respondent, imposition of sanctions in conjunction with the motion for recusal, and grant of partial summary judgment against relator on her bill of review.

Relator and Henry L. Waddell, Sr. ("HLW") were divorced on April 6, 1988. The divorce decree incorporated a property settlement agreement. Relator filed a lawsuit on August 22, 1989, for a bill of review and for partition, alleging that HLW concealed assets at the time relator and HLW signed the property settlement agreement.

On September 25, 1990, relator filed a motion in the trial court for a hearing on all pending discovery, seeking the trial court's rulings on various objections, motions for protection, motions to compel production of documents, motions to compel answers to questions propounded to HLW on deposition, and motions for contempt and for sanctions. In response, Judge Huckabee signed an order on October 17, 1990, that disposed of certain discovery matters pending before the court. Relator asks that we compel Judge Huckabee to vacate this order and to hold a hearing on all discovery matters pertaining to the cause of action in the trial court.

Mandamus will not issue unless the petition sets forth in a concise and positive manner all facts necessary to establish the relator's right to the relief sought. Tex.R.App.P. 121(a)(2)(C). Mandamus is an extraordinary writ which issues to require the execution of a matter whose merit is beyond dispute. The relator must have a clear right to performance of the act she seeks to compel. *See Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). If the relator's right to mandamus rests on doubtful or disputed facts, mandamus will not issue. *Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex.1975); *Dikeman v. Snell*, 490 S.W.2d 183, 186–87 (Tex.1973). Mandamus will issue only to correct trial court actions when there has been a clear abuse of discretion or the violation of a duty imposed by law and when relator has no adequate remedy on appeal. *Garcia*, 734 S.W.2d at 345; *Johnson*, 700 S.W.2d at 917.

The order of October 17 denies relator's motion for contempt and for sanctions, stating that HLW has not violated any court order. The order then requires HLW to execute affidavits to the effect that he has complied with certain discovery requests of relator. Though the order of October 17 recites that a hearing took place on May 14, 1990, regarding the disputed discovery, relator asserts, by verified petition of counsel, that respondent did not conduct a hearing. Instead, on that date, the attorneys for the respective parties met before Judge William Morris, family court master of the 247th District Court.

The statement of facts filed by relator from the hearing on May 14 refers to a "prior" hearing on April 17, 1990. The statement of facts from the hearing of April 17 was filed by HLW for review by this Court and demonstrates that a lengthy hearing was held on that date before the master. At the April 17 hearing, the parties presented evidence and made objections. On May 14, 1990, the master again considered various discovery matters and granted a 30–day extension for the parties to file amended instruments on the matters before the master. In September, the master recused himself on his own motion without making any written recommendations to Judge Huckabee regarding the discovery matters addressed in the two hearings.

The authority and responsibilities of a family court master are governed by section 54.010 of the Texas Government Code. Section 54.010 provides:

(a) At the conclusion of any hearing conducted by a master and on the preparation of a master's report, the master *shall* transmit to the referring court all

papers relating to the case, with the master's signed and dated report.

(b) After the master's report has been signed, the master *shall* give to the parties participating in the hearing notice of the substance of the report. The master's report may contain the master's findings, conclusions, or recommendations. The master's report *must* be in writing in a form as the referring court may direct. The form may be a notation on the referring court's docket sheet.

(c) Notice of the right of appeal to the judge of the referring court *shall* be given to all parties. This notice may be given at the hearing or by posting the notice inside or outside of the courtroom of the referring court or otherwise as the referring court directs.

TEX.GOV'T CODE ANN. § 54.010 (Vernon 1988) (emphasis added).

■ HLW contends that the master complied with section 54.010 by way of a docket entry on April 17. We do not agree. The docket entry merely recites that a record was made and that the matter was taken under advisement. The entry gives the parties absolutely no indication that the master filed a report in writing with the judge. Thus, relator would not have been given notice by the docket entry of the *substance* of the master's report, as the code requires. Further, since recommendations were not filed by the master, relator was deprived of her statutory right to appeal the findings, conclusions, and recommendations of the master to Judge Huckabee.

■ Though the master's rulings from the hearing of April 17 are accurately reflected in the trial court's order of October 17, 1990, this Court must determine whether respondent clearly abused his discretion by entering the order of October 17 without complying with section 54.010. We hold that the mandatory language in section 54.010 requires that notice be given to the parties of both the substance of the master's report and of the right of appeal to the judge of the referring court. Thus, Judge Huckabee's entry of the order of October 17, 1990, without such notice, was

a clear abuse of discretion. Further, we find that relator would not have an adequate remedy by way of appeal.

Relator also requests that this Court issue a writ of mandamus commanding respondent to:

(1) Grant all of relator's requests for production of documents, as set forth in exhibits she attached to her petition;

(2) Grant relator's motion for protection and sustain all of her objections to production of additional documents and objections to interrogatories;

(3) Overrule HLW's response to her motion for protection and overrule HLW's objections;

(4) Grant her motion to compel HLW to answer questions he refused to answer at his deposition;. and

(5) Grant her motion to compel HLW to furnish statements of net worth and 1989 income tax returns.

■ In effect, relator seeks, by way of mandamus, resolution of discovery disputes that have not been properly ruled upon by the trial court. An appellate court may not deal with disputed fact issues in a mandamus proceeding. *West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978). This Court cannot act as the arbiter of discovery when no reviewable order has issued from the trial court. TEX.R.APP.P. 121(a)(2)(C). As such, mandamus is not an appropriate remedy, and we deny relator's requests concerning discovery matters that are currently pending before the trial court.

■ The next issue raised in relator's petition concerns respondent's appointment of a master in chancery pursuant to rule 171 of the Texas Rules of Civil Procedure. Relator requests that this Court order respondent to vacate his order of October 24, 1990, appointing a master in chancery to rule on discovery matters. Mandamus will not issue unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984). We must consider whether Judge Huckabee clearly abused his discretion by appointing a master in chancery to consider discovery matters in the pending cause of action.

■ A court may, in exceptional cases, for good cause, appoint a master in chancery. *Mann v. Mann*, 607 S.W.2d 243, 246 (Tex.1980); *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 511 (Tex.1980); TEX.R.CIV.P. 171. Relator has not demonstrated that respondent's appointment of a master in chancery was clearly an abuse of discretion. We deny relator's petition with respect to this request.

■ Relator also requests that we order Judge Huckabee to set a hearing de novo regarding the recommendation of the master in chancery, appointed under rule 171, to quash a subpoena duces tecum for the deposition of R.L. Bryant. Relator attached to her petition an order signed by respondent on January 7, 1991, which stated that he declined to set a hearing on this issue, as the master in chancery had not yet filed findings of fact and recommendations that were subject to appeal to the trial judge.

The January 7 order signed by respondent that appoints a master in chancery does not specify a time period within which the master must file his findings with respondent. Further, rule 171 of the Texas Rules of Civil Procedure states: "[T]he court may confirm, modify, correct, reject, reverse or recommit the report, after it is filed, as the court may deem proper and necessary in the particular circumstances of the case...." Rule 171 does not require that the court set a hearing, thus, respondent did not abuse his discretion in refusing to set a hearing.

■ The next issue concerns relator's motion for recusal of respondent. Relator has not demonstrated her right to have the order denying relator's motion to recuse respondent set aside by mandamus. In accordance with rule 18a of the Texas Rules of Civil Procedure, relator's motion for recusal was considered by Judge Bill Elliott of the 311th District Court. Judge Elliott denied the motion to recuse and imposed sanctions in the amount of $500 against relator. The denial of the motion to recuse was within the discretion of Judge Elliott. *See Grider v. The Boston Co.*, 773 S.W.2d 338, 346 (Tex.App.—Dallas

1989, writ denied). Further, even if an abuse of discretion were shown as to the sanctions ordered, relator did not name Judge Elliott as a party in her petition before this Court. We are, therefore, without authority to order a judge who is a necessary party and who is not named in the petition to vacate his order. *Lanford v. Smith*, 128 Tex. 373, 375, 99 S.W.2d 593, 594 (1936). Thus, we cannot grant relator relief from the order by Judge Elliott denying her motion for recusal of Judge Huckabee and imposing $500 in sanctions against her. Issues concerning recusal and sanctions may properly be considered on appeal. TEX.R.CIV.P. 18a(f), 215(3).

The next request for relief concerns the partial summary judgment entered against relator on her bill of review. Relator states in her verified petition that respondent's granting of the motion for partial summary judgment was "premature," as she was unable to obtain adequate discovery to complete her response. Relator asks that we order respondent to set aside his order of October 2, 1990, denying her motion for continuance on HLW's motion for partial summary judgment, and to vacate his order of October 2, 1990, granting HLW his motion for partial summary judgment.

■ A summary judgment that does not dispose of all parties and issues in the pending suit is interlocutory. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986). A party against whom an interlocutory summary judgment has been rendered has a right of appeal when the partial judgment is merged into a final judgment disposing of the whole case. *Conkle v. Builders Concrete Prod. Mfg. Co.*, 749 S.W.2d 489, 490–91 (Tex.1988).

■ The issuance of an extraordinary writ is not authorized when the relator has an adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). This Court will not issue writs of mandamus to control or correct interlocutory orders of the trial court when an adequate remedy exists by

appeal to correct any erroneous ruling. *See State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex.1980); *Aldine Indep. School Dist. v. Moore,* 694 S.W.2d 454, 455 (Tex.App.—Houston [1st Dist.] 1985, orig. proceeding). Relator failed to demonstrate that appeal is not an adequate remedy.

Accordingly, the petition for writ of mandamus is conditionally granted to order respondent to vacate his order of October 17, 1990, and is refused for all other relief requested. We are confident that Judge Huckabee will act in accordance with this opinion. The writ will issue only in the event that he fails to comply.