refused to hear evidence and rule upon Smith's First Amended Motion to Reinstate Probation and to Dissolve Injunction.

Smith further argues that the six (6) year suspension from the practice of law prescribed in the Agreed Judgment and Order Revoking Probation is void because the trial judge exceeded the statutory authority for suspension. More specifically, Smith argues that the State Bar Rules [2] limit the amount of time for which an attorney may be suspended for professional misconduct to three (3) years. However, as a result of the disposition of the previous issue, it is not necessary to consider whether the six (6) year suspension from the practice of law in this case is void. Thus, we express no opinion on this issue.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.

PER CURIAM.

In this original mandamus proceeding, relator seeks review of various rulings of the district court. Relator has already presented her petition for mandamus to the court of appeals, which granted relief in part only. 807 S.W.2d 455. We conclude that relator has failed to show herself entitled to further relief and therefore deny leave to file her petition.

Among relator's complaints is her contention that the district court's reference of matters to a master in chancery was not authorized by Rule 171, Tex.R.Civ.P. The court of appeals concluded that the reference was not a clear abuse of discretion, and based upon the record before us we agree. Our denial of relator's petition is without prejudice to her urging the trial court to reconsider its reference to the master in view of our opinion in *Simpson v. Canales*, 806 S.W.2d 802 (Tex.1991), which issued after the reference was ordered. We express no opinion about whether that reference does or does not comport with our views expressed in *Simpson.*

**Hazel C. WADDELL, Relator,**

v.

**HON. COURT OF APPEALS, FOR The FIRST DISTRICT OF TEXAS, et al., Respondents.**

**No. D–1035.**

Supreme Court of Texas.

June 19, 1991.

Norris Dennard, Houston, for relator.

S. Tanner Garth, Houston, for respondents.

**Edmond Albert STAFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1085–88.**

Court of Criminal Appeals of Texas, En Banc.

July 3, 1991.

2. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, §§ 8(2), 23(A) (1988).