NUMBER 13-03-760-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

                             IN
THE INTEREST OF D.W.K., A CHILD 

 

 

          On
appeal from the 105th District Court of Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








Appellant, Zack M. Knight, Jr., appeals a trial
court order denying his motion to modify a parent-child relationship and
awarding an increase in child support and attorney=s fees to appellee, Gae Strenge.  By five issues, appellant challenges (1) the
legal and factual sufficiency of the evidence supporting the trial court=s decision to increase the amount of child support
and to apply the increase retroactively, (2) the absence of pleadings
supporting the increase in the amount of child support, (3) the award of
attorney=s fees to appellee, and (4) the trial court=s denial of his motion to modify custody.  Appellant also challenges the trial court=s jurisdiction in awarding attorney=s fees and modifying and ordering retroactive child
support.[1]  We affirm.

As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of the Court=s decision and the basic reasons for it.[2]

Jurisdiction

We first address appellant=s challenge to the trial court=s jurisdiction. 
Appellant contends the trial court lacked jurisdiction to address the
issues of attorney=s fees and modification of child support.

In response to appellant=s November 1999 Petition to Modify Parent-Child
Relationship, appellee filed a Counter-Petition requesting, among other relief,
a retroactive and prospective increase in child support and attorney=s fees.  On
March 28, 2000, the parties entered into a mediated agreed order (AModified Order@) in the suit to modify the parent-child
relationship.  The Modified Order states,
in relevant part, A[Appellee] reserves the right to litigate her
pending Counter-Petition to Modify in Suit Affecting Parent-Child Relationship.@  In August
2001, appellant filed another Motion to Modify Parent-Child Relationship.  Following a bench trial which concluded
August 1, 2003, the trial court awarded appellee an increase in the amount of
child support and applied the increase retroactively beginning in January 2003,
awarded appellee attorney=s fees, and denied appellant=s motion.  








Appellant contends the Modified Order was Afinal,@ and that appellee was required to file new
pleadings to raise the issues of attorney=s fees and modification of child support. Appellant
argues that absent such pleadings, the trial court was without jurisdiction to
modify support, order retroactive support, or award appellee attorney=s fees.  We
disagree.

The Modified Order preserves appellee=s right to litigate the issues in her pending
Counter-Petition.  Appellant relies on Brines
v. McIlhaney[3]
for the proposition that the Modified Order was Afinal.@  In Brines,
the court ruled a divorce decree was a Afinal order,@ after noting that (1) nothing was expressly left
unadjudicated in the decree, and (2) the decree expressly stated, Aall matters in controversy . .
. were submitted to the Court.@[4]  

The present case is distinguishable from Brines
because the issues in appellee=s Counter-Petition were expressly reserved for
litigation in the Modified Order, and the Modified Order did not expressly
state that all matters in controversy were submitted to the court.








A judgment is final for appeal purposes if it
actually disposes of all claims and parties then before the court, regardless
of its language, or states with unmistakable clarity that it is a final
judgment as to all claims and all parties.[5]
 Here, even the inclusion of a AMother Hubbard@ clause in the Modified Order does not indicate a final
judgment,[6]
given that the Modified Order reserved all issues raised in appellee=s Counter-Petition (including modification of child
support and attorney=s fees) for future litigation.  Thus, the Modified Order did not resolve all
issues and was, therefore, not final.[7]

Moreover, even if the issues raised in appellee=s Counter-Petition did not survive the Modified
Order, the  trial court nonetheless
retained authority to increase child support. [8]  Detailed pleadings are not required in suits
affecting the parent-child relationship, because the trial court=s paramount concern is the best interests of the
child; therefore, the technical rules of pleading and practice may be of little
importance.[9]  A court may even award child support without
any request for it in the pleadings.[10]

The issue of attorney=s
fees, however, must be raised before the court by way of an affirmative
pleading filed in the case, unless the issue is waived or tried by consent.[11]  We have already determined, however, that the
Modified Order preserved appellee=s right to litigate all issues raised in her
Counter-Petition, including the issue of attorney=s
fees.








            We conclude the Modified Order was not
a final order with regard to the issues raised in appellee=s Counter-Petition.[12]  The issues in the Counter-Petition were
properly tried by the trial court.  Thus,
the trial court had jurisdiction to consider the attorney=s fees and child support matters raised in appellee=s Counter-Petition.[13]

Modification of Child Support

In his first three issues, appellant challenges
generally the legal and factual sufficiency of the evidence supporting the
trial court=s order increasing the amount of child support and
applying the increase retroactively. 
Appellant also argues there were no pleadings to support the award.[14]








  We review a
trial court=s order setting or modifying child support under an
abuse of discretion standard.[15]  The test for abuse of discretion is whether
the court acted arbitrarily or unreasonably, that is, without reference to
guiding rules and principles.[16]  We view the evidence in the light most
favorable to the trial court=s action, indulging all legal presumptions in favor
of that action.[17]  A trial court does not abuse its discretion
if some evidence of a substantive and probative character supports its
decision.[18]  We do not treat allegations of legal and
factual insufficiency as independent grounds of error in this context because
the appropriate standard of review is abuse of discretion.[19]  A trial court is given broad discretion in
setting child support payments and also in decreasing or increasing such
payments.[20]


In March 1997, the court ordered appellant to begin
paying appellee child support in the amount of $630.00 per month.  In the order at issue here, dated December
16, 2003, the court ordered appellant to pay support prospectively and
retroactively (beginning January 1, 2003) to appellee in the amount of $1012.16
per month. 

Appellant contends that appellee was required to
establish the existence of a material and substantial change in circumstances
since the 1997 order.  Appellant argues
that appellee was required to rely on her pleadings in her Counter-Petition,
which were filed November 10, 1999. 
According to appellant, because appellee=s
Counter-Petition was filed within three years of the 1997 order, she may not
rely on paragraph (2) of section 156.401 of the family code[21]
as the basis for the modification. 
Appellant cites no authority in support of his argument and we are
unpersuaded by it. 

Section 156.401 provides, in pertinent part:   








(a) Except as provided by Subsection (b), the court
may modify an order that provides for the support of a child if:

   (1) the
circumstances of the child or a person affected by the order

   have
materially and substantially changed since the earlier of: 

 

     (A) the
date of the order's rendition; or 

 

     (B) the
date of the signing of a mediated or collaborative law

    
settlement agreement on which the order is based; or

 

   (2) it has
been three years since the order was rendered or last

   modified
and the monthly amount of the child support award under the

   order
differs by either 20 percent or $100 from the amount that would

   be awarded
in accordance with the child support guidelines.[22]

 

Here, the trial court=s
modification order was issued December 16, 2003, more than three years since
the 1997 order, and the existing amount of child support ($630.00)  differed by more than twenty percent from the
amount to be awarded in accordance with the child support guidelines.[23]  We conclude the trial court did not abuse its
discretion in modifying the child support order. 

The amount of a periodic child support payment
established by the child support guidelines in effect at the time of a hearing
is presumed to be reasonable; an order of support conforming to those
guidelines is presumed to be in the best interest of the child.[24]  Under the guidelines, if an obligor=s monthly net resources are $6000.00 or less, and
the obligor is supporting one child, the court presumptively calculates twenty
percent of the  obligor=s net resources to determine the amount of child
support.[25]









Appellant=s personal tax returns and financial statements from
1999-2002 and the tax returns of his company, Knight Architectural &
Construction Service, from 2000-2002 were submitted to the court.  After reviewing the documents, the trial
court found appellant=s total resources for 2002 to be $84,758.00 and his
net monthly resources to be $5,060.80. 
The trial judge calculated twenty percent of the appellant=s net monthly resources as $1,012.16, and ordered
monthly support in that amount.  

Appellant contends that the trial court
miscalculated his 2002 actual earned income, and that his total resources for
2002 were actually only $54,809.00. 
Specifically, appellant contends that his tax returns reflect $48,243.00
in dividends and distributions, which includes his corporate income of
$29,949.00; appellant contends that by including both figures in calculating
his resources, the trial court  erred by
counting the $29,949.00 twice.  The
record shows appellant and appellee=s counsel submitted documentary evidence to the
trial judge on this issue.  The record
includes a letter from appellant=s counsel and his accountant in support of appellant=s argument that appellee=s calculations overstated his income.  The trial court reviewed the documents
submitted by the parties, determined net resources, and used the child support
guidelines to calculate support.  We have
reviewed the evidence and conclude that the trial court did not abuse its
discretion in calculating the amount of child support.   








We next address whether the trial court abused its
discretion in awarding retroactive child support.  Section 154.131 of the family code vests a
trial court with discretion to determine whether to award retroactive child
support and the amount of that support.[26]  Retroactive support is available in two
separate circumstances.  First, it can be
ordered in instances where child support has not been previously ordered.[27]  Secondly, a trial court has the discretion to
retroactively modify a child support obligation.[28]

Here, based on the evidence of appellant=s total resources for 2002, the trial court ordered
appellant to pay retroactive child support in the amount of $1,012.16 per month
beginning January 2003 through July 2003, in compliance with the family code.[29]   

We have reviewed all of the evidence.  On this record, we find no abuse of
discretion by the trial court in increasing the amount of child support and in
awarding retroactive child support.[30]  Accordingly, we overrule appellant=s first three issues.

Attorney=s Fees

In his fourth issue, appellant argues the trial
court abused its discretion in awarding appellee attorney=s fees.








Under the Texas Family Code, it is within the trial
court's discretion to award reasonable attorney fees in a suit affecting the
parent‑child relationship.[31]  The test for abuse of discretion is whether
the court acted without reference to any guiding rules and principles, or
stated another way, whether its decision was arbitrary or unreasonable.[32]  An appellate court is very deferential to a
lower court=s ruling,[33]
and thus the mere fact that a trial judge may decide a matter within his
discretionary authority in a different manner than an appellate judge in a
similar circumstance does not demonstrate that an abuse of discretion has
occurred.[34]
       

Appellee=s attorney submitted evidence as to his hourly rate,
hours spent on the case, and the reasonableness of the fees relating to his
experience working in family law.[35]
This evidence supports the trial court=s award of attorney=s fees
in the amount of $13,515.00.  We
therefore conclude that the trial court did not abuse its discretion in
awarding attorney=s fees.[36]  We overrule appellant=s fourth issue. 
     

Appellant=s
Motion to Modify Custody

In his final issue, appellant argues the trial court
abused its discretion by denying his motion to modify, in which he requested
appointment as joint managing conservator with the right to determine the legal
domicile of the parties= minor child. 
We affirm the trial court=s denial of appellant=s
motion. 








Conservatorship issues are evaluated against an
abuse of discretion standard.[37]  An abuse of discretion does not occur where
the trial court bases its decision on conflicting evidence or where some
evidence of a substantial and probative character exists to support the trial
court=s judgment.[38]








The trial court may modify an order or portion of a
decree that provides for the appointment of a conservator of a child, that
provides the terms and conditions of conservatorship, or that provides for the
possession of or access to a child if (1) modification would be in the best
interest of the child and (2) the circumstances of the child, conservator, or
other party affected by the order have materially and substantially changed
since the date of the rendition of the order.[39]  In conservatorship cases, the child=s best interest is always the court=s primary consideration.[40]  The desires of the child, the emotional and
physical needs of the child now and in the future, the emotional and physical
danger to the child now and in the future, the parental abilities of the
individuals seeking custody, the programs available to assist these individuals
to promote the best interest of the child, the plans for the child by these
individuals or by the agency seeking custody, the stability of the home or
proposed placement, the acts or omissions of the parent that might indicate
that the existing parent-child relationship is not a proper one, and any excuse
for the acts or omissions of the parent, are all factors taken into
consideration when evaluating the best interest of the child.[41]  These considerations are not exhaustive, nor
do all such considerations have to be proved as a condition precedent to
parental determination.[42]

Appellee has had legal custody of the minor child
since 1997.  The record indicates
appellee and the minor child have made their primary residence at a house
appellee has owned for approximately twenty years.  Appellee has a stable position as a social
worker.  The record further shows the
minor child has performed well academically and has good attendance at the
neighborhood school he has attended since 2002. 
The record indicates appellee has cooperated with appellant and abided
by the terms of the Modified Order.  The
record indicates both parties are loving, dedicated parents who provide for the
emotional and physical needs of the minor child.








The matter of determining who should be appointed
managing conservator of the minor child was addressed to the sound discretion
of the trial court as the trier of fact.[43]  The trial court is in a better position than
an appellate court to determine the best interest of the child because the
trial court faces the parties and their witnesses, observes their demeanor, and
has the best opportunity to evaluate the claims made by the parties.[44]
            Here, the trial court found it
in the best interest of the minor child for appellee to remain as the joint
managing conservator with the exclusive right to determine the child=s legal domicile and primary physical
residence.  We have carefully reviewed
all of the evidence and conclude there is ample evidence to support the trial
court=s denial of appellant=s
motion.[45]  Appellant=s
final issue is overruled.  

We affirm the trial court=s judgment.

                                                                  

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 22nd day of August, 2005.











[1] Although appellant does not raise jurisdiction as a separate issue, he
challenges the trial court=s jurisdiction in the 
ASummary of the Argument@ section of his appellate brief. 





[2] See Tex. R. App. P. 47.4.





[3] Brines v. McIlhaney, 596 S.W.2d 519, 522-23 (Tex. 1980).





[4] Id. at
523.  





[5]
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex.
2001); Chalu v. Shamala, 125 S.W.3d 737, 739 (Tex. App.BHouston [1st Dist.] 2003, no pet.)
(holding that final order in suit affecting parent‑child relationship is
one that disposes of all issues and parties before court).





[6] Lehmann, 39
S.W.3d at 192 (holding inclusion of a AMother Hubbard@ clause in an order or judgment issued without a full trial
does not indicate finality).





[7]
See id. at 192-93; Chalu, 125
S.W.3d at 739. 





[8]
See Wolters v. White, 659 S.W.2d 885, 888-89 (Tex. App.BSan Antonio 1983, writ denied)
(holding court may award child support without any request for it in
pleadings); Boriack v. Boriack, 541 S.W.2d 237, 242 (Tex. App.BCorpus Christi 1976, writ dism=d) (holding best interest of
children is of paramount concern and technical rules of pleading are of little
importance).





[9]
See Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967) (holding technical rules of practice and pleadings are
of little importance in determining issues concerning custody of children);  Aguilar v. Barker, 699 S.W.2d 915, 917
(Tex. App.BHouston [1st Dist.] 1985, no writ)
(holding detailed pleadings not required in suits affecting parent-child
relationship because court=s paramount concern is best interests of child); Boriack,
541 S.W.2d at 242 (same).





[10]
Wolters, 659 S.W.2d at 888; Boriack,
541 S.W.2d at 242.





[11]
Tull v. Tull, 159 S.W.3d 758, 762 (Tex. App.BDallas 2005, no pet.) (holding
general request for attorney=s fees in pleading sufficient to authorize award of
attorney=s fees); Farish v.
Farish, 921 S.W.2d 538, 546 (Tex. App.BBeaumont 1996, no writ); Wolters, 659 S.W.2d at
888-89.                    





[12] See Lehmann,
39 S.W.3d at 192-93; Chalu, 125 S.W.3d at 739.  





[13] See Beck v. Walker, 154 S.W.3d 895, 901 (Tex. App.BDallas 2005, no pet.); Wolters, 659 S.W.2d at 888; Boriack,
541 S.W.2d at 242.





[14]
We have already determined
that appellant=s complaint regarding the absence
of pleadings supporting the award of child support lacks merit. See Wolters,
659 S.W.2d at 888; Boriack, 541 S.W.2d at 242.





[15] In re Jane Doe 2, 19 S.W.3d 278, 281 (Tex. 2000) (citing Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990) (per curiam)); In re M.E.G., 48 S.W.3d 204,
207 (Tex. App.BCorpus Christi 2000, no pet.);  Boriack, 541 S.W.2d at 242.





[16]  In re M.E.G., 48 S.W.3d
at 207.





[17] Id. 





[18] Zorilla v. Wahid, 83 S.W.3d 247, 253 (Tex. App.BCorpus Christi 2002, no pet.); Holley
v. Holley, 864 S.W.2d 703, 706 (Tex. App.BHouston [1st Dist.] 1993, no writ).






[19]  In re D.S., 76 S.W.3d 512, 516 (Tex. App.BHouston [14th Dist.] 2002, no
pet.).





[20] Id. at
520.





[21]
Tex.
Fam. Code  Ann. ' 156.401(a)(2) (Vernon Supp.
2004-05).





[22]
Id. ' 156.401(a)(1), (2). 





[23]
Id. ' 156.401(a)(2). 





[24] Tex. Fam. Code Ann. ' 154.122(a) (Vernon 2002). 





[25] Tex. Fam. Code Ann. ' 154.125(b) (Vernon 2002).





[26]
Tex.
Fam. Code Ann. ' 153.131 (Vernon 2002); see In
re Valadez, 980 S.W.2d 910, 913 (Tex. App.BCorpus Christi 1998, pet. denied). 





[27]
Tex.
Fam. Code Ann. ' 154.009 (Vernon 2002); In the
Interest of J.G.Z., 963 S.W.2d 144, 146 (Tex. App.BTexarkana 1998, no pet.). 





[28]
Tex.
Fam. Code Ann. ' 156.401(b) (Vernon Supp. 2004‑05);
In re Tucker, 96 S.W.3d 662, 667 (Tex. App.BTexarkana 2003, no pet.).





[29]
See Tex. Fam.
Code Ann. ' 156.401(b) (Vernon Supp. 2004‑05).





[30] See In re Valadez, 980 S.W.2d at 913-14.





[31]
Tex.
Fam. Code Ann. ' 106.002 (Vernon Supp. 2004-05); Bocquet
v. Herring, 972 S.W.2d 19, 20 (Tex. 1998).





[32] City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003); Temple
v. Archambo, 161 S.W.3d 217, 224-25 (Tex. App.BCorpus Christi 2005, no pet.).





[33] City of San Benito, 109 S.W.3d at 757.





[34] Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 242 (Tex. 1985).





[35] See London v. London, 94 S.W.3d 139, 146  (Tex. App.BHouston [14th Dist.] 2002, no pet.) (holding trial court=s award of attorney=s fees must be supported by
evidence).  





[36] Tex. Fam. Code Ann. '' 106.001-02 (Vernon 2004); See
Lenz v. Lenz, 79 S.W.3d 10, 32 (Tex. 2002).





[37] Agraz v. Carnley, 143 S.W.3d 547, 553-54 (Tex. App.BDallas 2004, no pet.); Tate v.
Tate, 55 S.W.3d 1, 5-6 (Tex. App.BEl Paso 2000, no pet.).





[38] Agraz, 143
S.W.3d at 554; Zieba v. Martin, 928 S.W.2d 782, 787 (Tex. App.BHouston [14th Dist.] 1996, no
writ).





[39] Tex. Fam. Code Ann. ' 156.101(1)(A) (Vernon Supp.
2004-05); In the Interest of K.L.R., 162 S.W.3d 291, 307 (Tex. App.BTyler 2005, no pet.). 





[40] Lenz, 79
S.W.3d at 14.





[41] Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976); In the Interest of A.P.P.,
74 S.W.3d 570, 575 (Tex. App.BCorpus Christi 2002, no pet.). 





[42] In the Interest of C.H., 89 S.W.3d 17, 27-28 (Tex. 2002) (noting that every Abest interest@ factor need not be found).





[43] See Agraz,
143 S.W.3d at 553-54.





[44] Mumma v. Aguirre, 364 S.W.2d 220, 222-23 (Tex.1963); Altamirano v. Altamirano,
591 S.W.2d 336, 338 (Tex. App.BCorpus Christi 1979, no writ ).





[45]
See Agraz, 143 S.W.3d at 554.