Victor SRALLA et ux., Appellants,

v.

Bridget Porche SRALLA, Appellee.

No. 15419.

Court of Civil Appeals of Texas, San Antonio.

June 11, 1975.

Howard, McDowell & Cartwright, Corpus Christi, for appellants.

John G. Murray, James W. Smith, Jr., Pearsall, for appellee.

BARROW, Chief Justice.

Appellants, Victor Sralla and wife Sylvia Sralla, have perfected this appeal from the judgment dissolving the marriage between appellants' son, Larry William Sralla, and appellee, Bridget Porche Sralla. Appellants had intervened in the divorce suit and sought to be appointed managing conservators of the two minor children.[1] The judgment appointed appellee as managing conservator and appointed Larry William Sralla, as well as appellants, as possessory conservators of the children.

■ Appellants assert three assignments of error on this appeal. The first two points complain of the trial court's action in refusing to grant appellants' motion for continuance because of insufficient time to prepare for trial. They also assert that the trial court refused to permit them to introduce evidence in support of said motion. It is apparent from the record that the trial court did not refuse to hear evidence on the motion. Rather the trial court considered the allegations of fact in the sworn motion for continuance as being true. Appellants' attorney was permitted to argue the motion under this assumption. In any event appellants did not perfect a bill of exceptions to show said excluded evidence.

The original petition for divorce was filed in Frio County by Larry William Sralla on July 2, 1974. An answer and cross-action was filed by appellee on August 6, 1974, who was at this time living in Houston. A hearing was held on August 23 on the question of appointment of a temporary managing conservator for the two minor children. Appellants were present at the hearing and testified that Larry William, who was living in appellants' home in Floresville should be appointed temporary managing conservator and that appellants would help in taking care of the children. At the conclusion of the hearing, appellee was appointed temporary managing conservator and Larry William was appointed temporary possessory conservator. The case was specially set for trial on the merits for October 25, 1974. This setting was made in the presence of appellants.

On October 17, 1974, appellants employed their attorney whose law office is in Corpus Christi. This attorney prepared a petition in intervention on behalf of appellants which was mailed to the District Clerk on October 21, and filed on October 22. Leave to file was not sought, nor was any hearing held in this regard. Appellants sought by said petition to be appointed managing conservators of said children. Appellants' attorney averred in the motion for continuance filed on the morning of the trial that

1. Two children were born of the marriage: Jennifer Sralla, born on January 16, 1970; and Marc Sralla, born on October 19, 1972.

he had not been able to properly prepare for trial due to the distances between his office, the residences of the parties and the Frio County Courthouse together with the short time between his time of employment and the setting of the case. The motion for continuance was overruled and the case proceeded to trial. We do not have a complete statement of facts, but it is seen that appellants were present and both testified at the trial.

It is settled law that the matter of granting a continuance rests with the discretion of the trial judge, and an order granting or denying a motion will not be disturbed on appeal unless there was an abuse of discretion. Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex.1963); Sherrill v. Estate of Plumley, 514 S.W.2d 286 (Tex.Civ. App.—Houston [1st District] 1974, writ ref'd n. r. e.).

The record in the case before us does not show such an abuse of discretion. Appellants were not parties to the suit until they voluntarily filed the petition in intervention. At this time, and in fact for several months, they knew that the case was specially set for trial on October 25. The record is barren of any injury to them by the court proceeding to trial. They were aligned with their son from the outset in that his prayer for appointment as managing conservator was based on appellants' willingness to provide a home for their son and the minor children. This situation is different from that presented in Lowe v. City of Arlington, 453 S.W.2d 379 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.), where the case was set for the day after the trial court permitted defendant's attorney to withdraw, and the trial was held before defendant's new attorney was employed. We conclude from the record before us that the trial court did not abuse its discretion in overruling the motion for continuance filed by appellants. See Sherrill v. Estate of Plumley, *supra*. Appellants first two points are overruled.

Appellants assert by their final point that the trial court lacked jurisdiction in that the certificates from the State Department of Public Welfare that the children had not been the subject of a suit affecting the parent-child relationship, were not filed until after the case was concluded. See Sections 11.05(c) and 11.07(b) of the Tex. Family Code Ann., V.T.C.A. (1975). Reversible error is not presented by this point for several reasons. In the first place, the record does not show when the certificates were presented to the court. Certificates from the Department, dated October 24, 1974, are in the transcript, but there is no showing as to when they were seen by the trial judge. There is no file mark on either certificate. Furthermore, it is seen that all parties, including appellants, alleged that there were no court-ordered conservatorships, guardianships or other court-ordered relationships affecting the children. Nor is there any contention that such allegations were incorrect. The District Court of Frio County properly acquired jurisdiction of the suit affecting the parent-child relationship of the children of the marriage of Larry and Bridget Sralla. Section 3.55, Tex.Family Code Ann. (1975). Appellants' third point is without merit and overruled.

The judgment is affirmed.