Jamye Lou BORIACK, Appellant,

v.

Leroy Adolph BORIACK, Appellee.

No. 1075.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Rehearing Denied Sept. 30, 1976.

Scott T. Cook, Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

Guy Allison, Allison & Garcia, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment granting a divorce, awarding custody of three minor children, ordering payment of child support and dividing the marital estate.

Jamye Lou Boriack instituted this divorce action against Doctor Leroy Adolph Boriack. Doctor Boriack filed a cross-action and Jamye Boriack subsequently took a nonsuit. The court proceeded to trial and judgment upon the doctor's cross-action. Only the issue of custody was submitted to the jury. By agreement of the parties all other issues were resolved by the trial court without the aid of the jury. In accordance with the findings of the jury, Doctor Boriack was appointed managing conservator of the couple's three sons. Jamye Boriack was ordered to make monthly child support payments.

In her first point of error, the appellant-wife contends that the trial court erred in admitting into evidence before the jury the written statement of the eldest son as to his custodial preference because the statement was hearsay and its admission was prejudicial. She argues that such a statement is only properly received into evidence when the issue of custody is before the trial judge. The appellee contends that under the Tex.Family Code Ann. § 14.07 a written statement of custodial preference is correctly received into evidence when the trier of fact on the issue of custody is *either* a judge or a jury. This appears to be a question of first impression.

At the time of trial the eldest child was above the age of fourteen. An affidavit expressing his preference that he be placed in the custody of his father was filed in the record of this case. The appellee offered the affidavit as evidence before the jury. The appellant objected to the evidence as hearsay. The objection was overruled and the affidavit was read to the jury and admitted into evidence. None of the children were called to testify by either party.

The Texas Family Code, Section 14.07 at the time of trial provided:

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child. If the child is 14 years of age or older, he may, by writing filed with the court,

choose the managing conservator, subject to the approval of the court.

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents.

(c) The court may interview the child in chambers to ascertain the child's wishes as to his conservator. The court may permit counsel to be present at the interview. The court shall cause a record of the interview to be made and to be made part of the record in the case."

■ We first note that the language of subsection (a) provides that the writing is to be filed. There is no specific provision that the writing be received into evidence. We must assume, however, that the legislature contemplated that the writing would be received as evidence and considered by the fact finder. It would be a useless act to file the writing if it were not to be considered. A statute will not be construed to require the doing of a useless thing. *Walker v. Koger,* 99 S.W.2d 1034 (Tex.Civ.App.—Eastland 1936, writ dism'd). We must next determine by whom the evidence may be considered. The appellee contends that the term "the court" refers to both the judge and the jury. We disagree. When a word or a phrase is used in different parts of a statute, a clear meaning appearing in one instance will be attached to it elsewhere. *Walker v. Koger,* supra. It is clear that the term "the court" in subsection (c) refers to the trial judge. Thus, it is only the trial judge who should receive and consider the written choice in subsection (a).

■ The issue of custody was before a jury in *Welch v. Welch,* 369 S.W.2d 434 (Tex.Civ.App.—Dallas 1963), no writ). The trial court refused to admit evidence of the child's statements of custodial preference. The Court of Civil Appeals held that the evidence was properly excluded as hearsay. And as we have indicated, this rule has not been changed by Section 14.07 of the Texas Family Code. There was, however, in our case other evidence about the eldest son's relationship with and his attitude toward his mother indicating a preference for the father as custodian. We find, therefore,

that the appellant has not shown that the error under complaint was calculated to and probably did cause the rendition of an improper judgment. The error is harmless. Rule 434, T.R.C.P. Point one is overruled.

■ In point two, the appellant contends that the court erred in awarding custody of the children because the court lacked jurisdiction of the suit affecting the parent-child relationship. Urging that the Tex.Family Code Ann. § 11.05(c) provides the exclusive, mandatory requirements for obtaining jurisdiction of a suit affecting the parent-child relationship, the appellant argues that the court was without jurisdiction to try the issue of custody because it had failed to comply with the mandates of the statute prior to trial. Thus, she says, any subsequent order of the court as to custody was void.

Each parent in the present case filed a petition in the course of the litigation which contained the assertion that no other court had continuing jurisdiction of the children. Both parties failed to attach to their respective petitions any verification from the State Department of Public Welfare that no other court had continuing jurisdiction of the children. The trial court, also failing to obtain the verification, proceeded to trial and thereafter on May 29, 1975, entered an order awarding custody of the children to Doctor Boriack. This judgment, however, was subsequently withdrawn when it was brought to the trial judge's attention that the statement from the State Department of Public Welfare was not on file in the record of the case. On June 25, 1975, a statement from the Department as to each child was filed with the record of the case. The statements declared in part that:

"PURSUANT TO TITLE II OF THE TEXAS FAMILY CODE, YOU ARE ADVISED THAT ACCORDING TO THE CENTRAL RECORD FILE, THE COURT WHICH LAST HAD JURISDICTION OF THE ABOVE INDIVIDUAL WAS

COURT CDR
DOCKET NO. 743455
COUNTY NUECES"

On August 15, 1975 the court entered a second order which also awarded custody of the children to Doctor Boriack.

We note first that the issue presented by this point of error turns upon the application and interpretation of sections of the Texas Family Code which have been amended by legislation effective September 1, 1975. All of the pertinent events of the present case occurred prior to the effective date of the amendments. Our decision will thus be limited to the construction of the statutes as they existed before the amendments.

We do not agree that the Tex.Family Code Ann. § 11.05(c) contains the exclusive, mandatory requirements for obtaining jurisdiction of a suit affecting the parent-child relationship. That section provides:

"A court shall have jurisdiction over a suit affecting the parent-child relationship if it has been informed by the State Department of Public Welfare that the child has not been the subject of a suit affecting the parent-child relationship and the petition states that no other court has continuing jurisdiction over the child."

■ To understand this particular section of the Code it is necessary to review the overall scheme of the Code and examine the concept of continuing jurisdiction. The Texas Family Code provides a scheme to maintain in one court the continuing jurisdiction of litigation which affects an individual child. Once a court acquires jurisdiction of a particular child and enters a final judgment, that court has continuing, exclusive jurisdiction over subsequent suits affecting that child. Tex.Family Code Ann. § 11.05(a); *Curtis v. Gibbs*, 511 S.W.2d 263, 266 (Tex.Sup.1974). The burden of recording data necessary to facilitate coordination between the courts is placed upon the State Department of Public Welfare. A copy of each order entered about a specific child affecting the parent-child relationship is transmitted to the Department for recording in the central record file and upon proper inquiry, the Department identifies the Court which last had jurisdiction of the child giving the docket number of the suit; or the Department informs the party making the inquiry that the child has not been the subject of a suit affecting the parent-child relationship. Tex.Family Code Ann. § 11.17. When a suit is filed affecting the parent-child relationship the court is required to request the Department to identify the court which last had jurisdiction of the child unless that information has already been obtained and attached to the petition. If another court is determined to have continuing jurisdiction, the court must dismiss the suit without prejudice. Tex. Family Code Ann. § 11.07.

Recognizing the possibility of errors which may occur in maintaining the central record file, the Code provides for the contingency in which the Department erroneously reports that the child has not been the subject of a suit affecting the parent-child relationship. If this contingency should occur and the petition states that no other court has continuing jurisdiction over the child, then the court in which the suit was filed shall have jurisdiction. Tex.Family Code Ann. § 11.05(c). The Code then provides that the court which did have continuing jurisdiction shall transfer the proceeding to the court which received the erroneous report. Tex.Family Code Ann. § 11.-06(d).

The statement from the Department in the present case reveals that according to the central record file the last court which entered an order affecting the parent-child relationship of these particular children was the Court of Domestic Relations of Nueces County, Texas. The docket number identifies the cause in which the order was entered. This particular docket number was assigned to the original divorce suit. The statement, therefore, simply reflects that the judgment which was entered on May 29, 1975, was recorded in the central record file. It does not indicate that the judgment was subsequently withdrawn, nor does it indicate that there were any previous orders entered by another court.

Obviously the parties in the present case failed to follow the procedure set out in the

Code. We are not persuaded, however, that their actions have produced a result contrary to that which was intended by the drafters of the Code. The appellant does not contend, nor does the record indicate, that a court other than the Court of Domestic Relations of Nueces County, Texas has continuing jurisdiction of this suit. If it were determined that another court did have continuing jurisdiction of the children, then the proper procedure would have been for the appellant to seek transfer of the proceedings under Tex.Family Code Ann. § 11.06. We hold, therefore, that the appellant has not presented reversible error. See *Sralla v. Sralla*, 524 S.W.2d 557 (Tex.Civ. App.—San Antonio 1975, no writ). Point two is overruled.

The appellant contends, in her third point, that the trial court erred in refusing to make findings of fact and conclusions of law upon the issues of divorce, division of property, attorney's fees and child support and that such failure was prejudicial to her right of appeal. Only the issue of custody was submitted to the jury in the present case. When at least one issue is submitted to a jury, the entire trial is to a jury within the purview of Rule 296, T.R.C.P. and the court is not required to make findings of fact and conclusions of law. *Aubey v. Aubey*, 264 S.W.2d 484 (Tex.Civ.App.—Beaumont 1954, no writ). This third point is overruled.

In her fourth and fifth points, the appellant attacks the court's order that she pay $145.00 per month child support and contends that the order is not based on sufficient evidence, is contrary to the great weight and preponderance of the evidence and constitutes an abuse of discretion. The appellant is employed as a school teacher. Her after tax monthly income is approximately $522.00. The court awarded her the sum of $22,000.00 payable by the appellee in monthly installments of $300.00 as a portion of the property settlement. Her monthly disposable income is therefore approximately $822.00. The court also awarded her one of the parties' three homes, two automobiles, shares of stock in two banks and other

valuable property. On the other hand, Doctor Boriack earns approximately $40,000.00 per year. The appellant contends that she has a monthly house payment of $192.00 and a utility expense for the house in excess of $100.00. She does not attempt to show this Court what her other expenses would be. We have carefully reviewed all of the evidence presented by the record of this case and we are of the opinion that the court's order of child support is supported by the evidence and is not against the great weight and preponderance of the evidence.

A court's order of child support will not be disturbed unless the complaining party can show a clear abuse of discretion. *Brito v. Brito*, 346 S.W.2d 133 (Tex.Civ.App. —El Paso 1961, writ ref'd n.r.e.). A mother, as well as a father, has the duty to support her minor children. Tex.Family Code Ann. § 4.02 (1975); *Anderson v. Anderson*, 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ). The amount a parent is required to pay in child support should be commensurate with his or her ability to pay, but should not be so great as to deny that party the necessary expenses of living. *Anderson v. Anderson*, supra; *Kominczak v. Kominczak*, 474 S.W.2d 749 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ). The appellant has not shown this Court that her financial situation is such that the order of $145.00 in child support is unreasonable.

The appellant also points out and appears to argue that the order of child support is in error because the appellee's pleadings do not contain a request for child support. We do not agree. In matters concerning the support and custody of children the paramount concern of the court is the best interest of the children and the technical rules of pleading and practice are of little importance. *Leithold v. Plass*, 413 S.W.2d 698 (Tex.Sup.1967). Her fourth and fifth points are overruled.

In her final points of error (sixth and seventh) the appellant contends that the trial court abused its discretion in or-

dering an unequal division of the marital estate and in failing to award her attorneys' fees. She contends that in the division of the estate Doctor Boriack received 56%, compared to her 44%, or about $22,000.00 more was awarded to him than to her; that the circumstances of the parties will not justify such an unequal division. In support of her position she relies upon the case of *Thomas v. Thomas,* 525 S.W.2d 201 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

We agree with the appellant that the court in *Thomas* correctly announced the rule of law to be that an unequal division of the marital estate must be justified by the circumstances of the parties. In *Thomas,* the trial court awarded the wife the custody of the couple's three children and divided the estate favoring the husband by 56% over her 44%. The Court of Civil Appeals reviewed the record and was unable to find circumstances which they considered would justify the unequal division. We are not faced with that obstacle in the present case. There is here the fact that Doctor Boriack was awarded the custody of the three children. This fact in itself would justify an unequal division favoring him. See *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.Sup.1975). We are not persuaded, however, that there has been an unequal division. The appellant has presented a rather detailed analysis of the division with schedules of assets and liabilities of the estate. She has included within the liabilities a sum in excess of $10,000.00 as her attorney's fees. This inclusion assumes that the trial court found that this sum was a reasonable charge. She also has included within the assets a category which she labels as Property About Which There Is A Dispute. These assets total $63,871.00. Consequently we are unable to determine with exactitude the actual division of the estate. We hold, therefore, that the appellant has failed to show an abuse of discretion. Points six and seven are overruled.

The judgment of the trial court is affirmed.