Robert Bernstein, M.D., F.AC.P. Commissioner of Health Texas Department of Health 1100 West 49th Street Austin, Texas 78756-3199
Re: Scope of the term "physician" for purposes of the article 4512d, V.T.C.S., which provides for licensing of athletic trainers (RQ-12)
Dear Dr. Bernstein:
You ask about article 4512d, V.T.C.S., which provides for the licensing of athletic trainers. Specifically, you ask about the scope of the term "physician" in section 1(1) of article 4512d:
`Athletic Trainer' means a person with specific qualifications as set forth in Section 9 of this Act, who, upon the advice and consent of his team physician carries out the practice of prevention and/or physical rehabilitation of injuries incurred by athletes. To carry out these functions the Athletic trainer is authorized to use physical modalities such as heat, light, sound, cold, electricity, or mechanical devices related to rehabilitation and treatment. (Emphasis added.)
Your question is whether "physician" in that section includes dentists, chiropractors, podiatrists, and optometrists. We conclude that the term "physician" in section 1(1) of article 4512d was intended to refer only to persons licensed by the Board of Medical Examiners.
The term "physician" is not defined in article 4512d. However, the term is used in another section of the statute, along with references to a number of other health-care practitioners:
 The provisions of this act do not apply to physicians licensed by the Texas State Board of Medical Examiners; to dentists, duly qualified and registered under the laws of this state, who confine their practice strictly to dentistry; nor to licensed optometrists, who confine their practice strictly to optometry as defined by statute; nor to occupational therapists, who confine their practice to occupational therapy; nor to nurses who practice nursing only; nor to duly licensed chiropodists or podiatrist who confine their practice strictly to chiropody or podiatry as defined by statute; nor to physical therapists who confine their practice to physical therapy; nor to masseurs or masseuses in their particular sphere of labor; nor to commissioned or contract physicians or physical therapists or physical therapists assistants in the United States Army, Navy, Air Force, Public Health and Marine Health Service.
V.T.C.S. art. 4512d, section 1(4) (emphasis added).
The term "physician" is used in the first sentence of section 1(4) to describe health-care practitioners licensed by the Board of Medical Examiners. The same sentence lists separately a number of other health-care practitioners, including dentists, podiatrists, and optometrists. See generally V.T.C.S. art. 4495b (establishing Board of Medical Examiners); cf. Attorney General Opinion JM-1279 (1990) (regarding use of title "chiropractic physician").
When a word or phrase is used in different parts of a statute, a clear meaning appearing in one instance will be attached to the same word or phrase used elsewhere. Boriack v. Boriack,541 S.W.2d 237, 240 (Tex.Civ.App.-Corpus Christi 1976, writ dism'd). By setting out separately a long list of various health-care practitioners, section 1(4) sets apart physicians from other categories of health-care practitioners. Section 1(4) specifically refers to "physicians" as those practitioners who are licensed by the State Board of Medical Examiners. Applying the principle of statutory construction set forth in Boriack, we therefore conclude that the term "physician" as used in section 1(1) only refers to practitioners licensed by the State Board of Medical Examiners, not to other health-care practitioners who are not so licensed.
 SUMMARY
The term "physician" in section 1(1) of article 4512d, V.T.C.S., refers to persons licensed by the State Board of Medical Examiners under article 4495b, V.T.C.S.
Yours very truly,
 DAN MORALES Attorney General of Texas
 WILL PRYOR First Assistant Attorney General
 MARY KELLER Executive Assistant Attorney General
 JUDGE ZOLLIE STEAKLEY (Ret.) Special Assistant Attorney General
 RENEA HICKS Special Assistant Attorney General
 MADELEINE B. JOHNSON Chair, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General