

## Office of the Attorney General
### State of Texas
February 18, 1992

DAN MORALES
ATTORNEY GENERAL

Ms. Linda Vaclavik
Executive Director
Texas Advisory Board of
   Occupational Therapy
4900 North Lamar
Austin, Texas 78751-2316

Opinion No. DM-91

Re: Whether the term "physician" in the Occupational Therapy Title Act, article 8851, V.T.C.S., includes chiropractors (RQ-246)

Dear Ms. Vaclavik:

You ask about the meaning of the term "physician" in two provisions of the Occupational Therapy Title Act, V.T.C.S. art. 8851, §§ 15(b)(6), 27. Specifically, you ask whether the term refers only to persons licensed to practice medicine by the State Board of Medical Examiners under the Medical Practice Act, V.T.C.S. art. 4495b, or whether it also refers to persons licensed by the Board of Chiropractic Examiners under article 4512b, V.T.C.S. *See* Attorney General Opinion JM-1279 (1990) (holding that chiropractor may identify himself as "chiropractic physician" if he also uses one of the following terms: chiropractor; doctor, D.C.; or doctor of chiropractic, D.C.). You state that your board has adopted a rule stating that the term refers only to persons licensed to practice medicine. 40 T.A.C. § 383.1.

One of the provisions at issue provides that the provisions of article 8851 do not apply to

> any qualified and properly trained person or persons acting under a physician's supervision pursuant to Subdivision (1) of Subsection (d) of Section 3.06 of the Medical Practice Act (Article 4495b, Vernon's Texas Civil Statutes).

V.T.C.S. art. 8851, § 15(b)(6). Since section 15(b)(6) refers to a person acting under a physician's supervision in accordance with a provision of the Medical Practice Act, it is clear that "physician" in that context means a person licensed under the Medical Practice Act, not a health-care professional licensed under some other act.

The other provision at issue is section 27, which provides:

> An occupational therapist may enter a case for the purposes of providing consultation and monitored services and evaluating an individual for the need of services. Implementation of direct occupational therapy to individuals for their specific medical conditions shall be based on a referral from a physician licensed to practice in the State of Texas.

V.T.C.S. art. 8851, § 27. When a word or phrase is used in different parts of a statute, a clear meaning appearing in one instance will be attached to the same word or phrase used elsewhere. *Boriak v. Boriack*, 541 S.W.2d 237, 240 (Tex. Civ. App.–Corpus Christi 1976, writ dism'd). Applying the principle of statutory construction set forth in *Boriak*, we conclude that the term "physician" in section 27, as in section 15(b)(6), refers to a person licensed by the State Board of Medical Examiners, not to other health-care practitioners. *See* Attorney General Opinion DM-21 (1991) (term "physician" in athletic trainer statute refers to persons licensed by the State Board of Medical Examiners).

## SUMMARY

> The term "physician" in section 15(b)(6) and section 27 of article 8851 V.T.C.S., the Occupational Therapy Title Act, refers to persons licensed by the State Board of Medical Examiners under article 4495b, V.T.C.S., not to health-care practitioners licensed under other statutes.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General