

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00159-CV

IN THE INTEREST OF C.T. AND
R.T.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-96578J-12

----------

## MEMORANDUM OPINION[1]

----------

In this appeal, S.T. argues that the trial court abused its discretion by ordering him to pay child support in the amount of $220 per month for the support

---

[1]*See* Tex. R. App. P. 47.4.

of his two children, C.T. and R.T. (the children). Finding no abuse of discretion, we affirm the trial court's order.[2]

This case arose from a suit affecting the parent-child relationship filed by the Texas Department of Family and Protective Services (DFPS) on May 18, 2012. On April 18, 2013, the trial court granted DFPS's motion to modify managing conservatorship of the children, appointed E.T., the children's mother, the permanent managing conservator of the children, and adjudged S.T. to be their father. The trial court further ordered S.T. to pay child support in the amount of $220 per month for the support of the children. Finally, the trial court dismissed DFPS's claims seeking parental-rights termination.

In a sole issue, S.T. argues that the trial court abused its discretion by ordering him to pay child support and that the evidence is legally and factually insufficient to support the trial court's order. Specifically, he asserts that the trial court abused its discretion by ordering him to pay child support because DFPS was not named a conservator of the children and because he is legally married to E.T.

---

[2] This appeal was originally submitted without oral argument on December 31, 2013, before a panel consisting of Justice Gardner, Justice Dauphinot, and Justice Walker. *See* Tex. R. App. P. 39.8; 2nd Tex. App. (Fort Worth) Loc. R. 3B(2). The court, on its own motion on June 10, 2014, ordered this appeal resubmitted without oral argument on July 1, 2014, and assigned the appeal to a new panel, consisting of Justice Dauphinot, Justice Walker, and Justice Gabriel.

We review a child-support order for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under this standard, we determine whether the court acted without reference to any guiding rules or principles; thus, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985); *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

S.T. first asserts that the trial court may not order child-support payments for the support of a child unless DFPS is named the temporary or permanent managing conservator of the child. *See* Tex. Fam. Code Ann. § 154.001(b) (West 2014). But the child-support statute allows trial courts to "order either or both parents to support a child" and does not limit that power only to cases where DFPS is named a managing conservator. *See id.* § 154.001(a). Further, S.T., as the children's father, has several rights and duties, including the duty to support the children; thus, the fact that DFPS was a party to the original suit does not discharge S.T.'s statutory duty to support the children. *See id.* § 151.001(a)(3) (West 2014).

Viewing the evidence most favorably to the fact-finder, the trial court ordered S.T. to pay child support to E.T. within the guiding rules of section

154.001(a). *See id.* § 154.001(a).[3]  S.T.'s argument that the court can order child support in this case only when DFPS is named temporary or permanent managing conservator misinterprets the court's broad latitude under section 154.001 to order support from either parent. *See id.* § 154.001.[4]

S.T. next argues that the trial court abused its discretion by ordering child support because S.T. and E.T. "have been legally married since 2008 and continue to be legally married although they do live separate and apart." In his brief, S.T. "affirms to this Court that [E.T.] and he have been legally married since 2008 although they live separate and apart." E.T. states in her brief that "S.T. was not residing with the mother when the final order setting child support was entered by the Court." Neither include any citations to the record to support these statements.

---

[3]One commentary on this section explained that "Subsection (a) is as simple and straight forward as any provision in the Family Code. It mandates that either or both parents *must* support their child . . . ." John J. Sampson, Harry L. Tindall, et al., Sampson & Tindall's Texas Family Code Annotated § 154.001 cmt. (West 2012) (emphasis added).

[4]While DFPS pleaded for S.T. to be ordered to pay child support under section 154.001(b) in its written motion, it was within the trial court's discretion to order child support consistent with section 154.001(a). Tex. Fam. Code Ann. § 154.001; *White v. Adcock*, 666 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1984, no writ). A court may order child support without any request for it in the pleadings. *In re M.J.W.*, No. 13-11-228-CV, 2011 WL 4562871, at *2 (Tex. App.—Corpus Christi 2011, no pet.) (mem. op.); *see also Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex. Civ. App.—Corpus Christi 1976, no writ) ("In matters concerning the support of children the paramount concern of the court is the best interest of the children and the technical rules of pleading and practice are of little importance.").

In the child-service plans entered in 2012, it was noted that S.T. and E.T. were "currently married but have been separated for one year[.] [T]hey have been married 3-4 years now." At the time DFPS filed suit in November 2012, E.T. lived in Texas with the children, and S.T. lived in Alabama or Florida. In seeking termination of S.T.'s parental rights, DFPS alleged that S.T. had constructively abandoned the children. At the trial court's April 18, 2013 hearing on DFPS's motion to modify conservatorship, S.T.'s counsel stated that S.T. was living in New York. Therefore, the record shows that although E.T. and S.T. could have been married at the time of the child-support order, S.T. had not lived with E.T. or the children since 2011 and, indeed, lived in a different state.

In any event, the marital status of E.T. and S.T. does not determine whether S.T. can be required to pay child support. *See id.* § 154.010 (West 2014). A child-support obligation is determined by examining the best interests of the child, including the circumstances of the parents. *See id.* §§ 154.121–.123 (West 2014). S.T.'s argument is unfounded.

The trial court did not abuse its discretion by ordering S.T. to pay child support. We overrule S.T.'s sole issue and affirm the trial court's order.


PER CURIAM

PANEL: GABRIEL, DAUPHINOT, and WALKER, JJ.

DELIVERED: July 17, 2014

5