ACCEPTED
04-15-00011-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/13/2015 10:28:45 PM
KEITH HOTTLE
CLERK

**NO. 04-15-00011-CV**

IN THE COURT OF APPEALS
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/13/2015 10:28:45 PM
KEITH E. HOTTLE
Clerk

**IN THE INTEREST OF A.V. AND A.V.**

MARIA ESTRADA (FKA VALDIVIA), RESPONDENT, *APPELLANT*

vs.

LUIS VALDIVIA, PETITIONER, *APPELLEE*

Appeal from the 438th Judicial District Court of Bexar County, Texas
Cause No. 2005-CI-17414

**OBJECTIONS AND REPLY BRIEF FOR APPELLANT**

THE LAMBERT LAW FIRM
Jessica L. Lambert
SBN: 24035401
118 E. Ashby Place
San Antonio, Texas 78212
Ph. (210) 737-2200
Fax (210) 587-6567
jlambert@thelambertlawfirm.com

**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................i

INDEX OF AUTHORITIES ............................................................... ii

OBJECTIONS AND ARGUMENTS.................................................. 1-7

Objection No. 1....................................................................................1

Objection No. 2.............................................................................. 1-2

Objection No. 3....................................................................................2

Objection No. 4....................................................................................3

Objection No. 5....................................................................................3

Reply to Issue No. 1 ........................................................................ 3-4

Reply to Issue No. 2 ........................................................................ 4-6

Reply to Issue No. 4 ........................................................................ 6-7

CONCLUSION ....................................................................................7

PRAYER .............................................................................................7

CERTIFICATE OF SERVICE.............................................................7

# INDEX OF AUTHORITIES

**Cases**

*Boriack v. Boriack,*
541 S.W.2d 237 (Tex. App. – Corpus Christi 1976, no writ) .......................................4

*In re M.A.S.,*
233 S.W.3d 915 (Tex. App. – Dallas, 2007) ..............................................................7

*Jones v. Lurie,*
32 S.W.3d 737 (Tex. App. – Houston [14th Dist.] 2000, no pet.)……………………..7

*Reliance Steel & Aluminum Co. v. Sevcik,*
267 S.W.3d 867 (Tex. 2008) ......................................................................................5

*State v. Central Expressway Sign Assocs.,*
302 S.W.3d 866 (Tex. 2009)…………………………………………………………..5


**Statutes**
Texas Family Code §153.008 ................................................................................ 3-4
Texas Family Code §153.009 ....................................................................................3
Texas Family Code §105.002 ....................................................................................3
Texas Family Code §153.317 ....................................................................................6
Texas Family Code §153.258 ....................................................................................6


**Rules**
Texas Rule of Appellate Procedure 44.1. ..................................................................6
Texas Rule of Evidence 803 ......................................................................................4
Texas Rule of Civil Procedure 296-299 ....................................................................6

**OBJECTION NO.1:**

Appellant, Maria Estrada (FKA Valdivia) objects to *Appellee's Amended Brief,* for failure to timely file by the deadline and failure to request leave of court to file the brief untimely if Appellee's Amended Brief contains any substantive change from the original brief filing. Appellant does not object to the Amended Brief if only a Certificate of Compliance was filed to conform to the Texas Rules of Appellate Procedure.

**OBJECTION NO. 2:**

Appellant, (hereinafter "Maria") objects to each and every reference in *Appellee's* (hereinafter "Luis") *Brief* or *Amended Brief* if accepted by the Honorable Fourth Court over Maria's objection, that Maria moved to Comal County, Texas. (*See, Brief for Appellee,* pgs. 2, 25). Maria, who had the exclusive right to designate the primary residence of the children within Bexar and contiguous counties prior to the trial of this matter moved the children within Bexar County in accordance thereto and not to Comal County (CR 16, 61). In fact, after Maria moved with her children to another home within Bexar County, Luis filed a Motion for Additional Temporary Orders and/or Motion to Modify Temporary Orders asking the Court to preclude Maria's exclusive right to designate the primary residence of the children within Bexar and contiguous counties (CR 57-58). The Honorable David Canales granted Luis' motion and ruled that "the children shall remain enrolled and continue to attend Scobee Middle School and Sun Valley Elementary School" in violation of Maria's inherent exclusive rights (CR 68-69). Maria filed a Motion for

1

Reconsideration and supporting trial brief which Judge Canales denied (CR 61-65, 70-71).

Thereafter, Maria filed a Petition for Writ of Mandamus, Motion for Emergency Stay and

Request for Temporary Relief in the Fourth Court of Appeals contending that her right to

move her children and choose their school was inherent in her exclusive right to designate

the primary residence of the children (CR 74-75). This Honorable Fourth Court of Appeals

granted Maria's emergency stay, in part, stating,

> "The Court is of the opinion that a serious question concerning
> the mandamus relief sought requires further consideration."
>
> •        •        •
>
> "Any enforcement of that portion of the trial court's August
> 20, 2014 order requiring the children the subject of the
> underlying suit to remain enrolled and continue to attend
> Scobee Middle School and Sun Valley Elementary School is
> temporarily stayed until further order of this court."

Ultimately the trial of this matter took place prior to the final ruling on Maria's Petition for

Writ of Mandamus and Maria requested that the matter be dismissed for mootness (CR

113-117).

## OBJECTION NO. 3:

Maria objects to Luis' *Statement of Facts* as contained in his brief for being

argumentative and failing to cite to the clerk's and reporter's records for veracity and

accuracy. Maria further objects to Luis' *Statement of Facts* inasmuch as they are disputed,

fail to address the substantive and procedural facts of the case and intend to present as

Findings of Fact issued by the trial court. The trial court, although requested by Maria,

failed to file Findings of Fact and Conclusions of Law in this matter and therefore there are

no undisputed facts in this case (CR 108-112).

2

**OBJECTION NO. 4:**

Luis did not file a notice of appeal in this case; therefore Maria objects to any and all issues presented for review by Luis that are not in direct response to issues presented on appeal by Maria or could be fairly treated as a response to a subsidiary question of Maria's issues, including Issues 1A, 1B, 1C, 1D, 1E, 2, 3 and 4 (*See, Brief for Appellee,* pgs. ii, 1; *see also,* Tex. R. App. P. 25, 38.1(f)). Maria further asserts that any failure by Luis to respond directly to Maria's issues presented on appeal is a waiver of said right to respond (*See,* Tex. R. App. P. 38.2, 38.6).

**OBJECTION NO. 5:**

Maria objects to any reference by Luis that the "written preference" was provided "as a supplement to production and given to Luis at a pre-trial hearing." There is no evidence in the record to support such a claim and Luis fails to present any record references supporting such allegation. Maria asks this court to disregard such contention and/or strike that portion of Luis' brief (*See, Brief for Appellee,* pg.13, Tex. R. App. P. 38).

**REPLY TO APPELLEE'S RESPONSE, IF ANY, TO APPELLANT'S ISSUE NO. 1:**

The provisions of Tex. Fam. Code §105.002(c), §153.009(d) and repealed §153.008 are harmonious and not inapplicable or in conflict as asserted by Luis. Pursuant to Tex. Fam. Code §105.002(c)(D):

> "In a jury trial: a party is entitled to a verdict by the jury…on the issue of the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child."

Pursuant to Tex. Fam. Code §153.009(d):

"In a jury trial, the court may not interview the child in chambers regarding an issue on which a party is entitled to a jury verdict."

Repealed Tex. Fam. Code §153.008 operated as an evidentiary exception to the hearsay rule to permit a written preference by a child 12 years or older stating to a court, not a jury, where the child wanted to live (*See, Boriack v. Boriack,* 541 S.W.2d 237, 240 (Tex. App. – Corpus Christi, 1976) (rehearing denied) ("It is clear that the term 'the court' refers to the trial judge [and not the jury]).  Otherwise documents written by a child are considered hearsay unless it falls under an exception to the hearsay rule (*See,* Tex. R. Evid. 803).  In this case, counsel for Maria objected to both the written preference pursuant to the repealed statute §153.008 and as to hearsay.  Luis' contention that the statutes are inapplicable in this case is unfounded.  The statutes are in accord with another emphasizing the Legislature's intent that when a trial by jury is demanded, the parties are entitled to a determination of conservatorship free from influence of written preferences or from a judge's contravention thereof.

**REPLY TO APPELLEE'S RESPONSE, IF ANY, TO APPELLANT'S ISSUE NO. 2:**

Maria appeals to this Honorable Court that the trial court failed not only to provide the statutory required time to review the Spanish documents by a certified Spanish speaking translator, but also that the trial court failed to give her the opportunity to challenge the translations by a certified Spanish speaking translator of their own (*See, Brief for Appellant,* pgs.11-13).  The trial court admitted the translations based upon an alleged rule in the Texas Rules of Evidence that "a party can waive the 45 days' advance notice requirement if the document is "not complicated document and otherwise admissible" (RR Vol. III, 79:21-25

4

thru 80:1-5). Luis does not respond to this contention presented in Maria's brief or provide any authority to support the judge's authority.

Although counsel for Maria has some semblance of the Spanish language it is irrelevant with regard to the evidentiary safeguards in which Maria is entitled. Furthermore, counsel for Maria pointed out to the trial court that his knowledge of the Spanish language may not be sufficiently articulate to determine the accuracy of the translations (RR Vol. III, 79:12-20), especially under the time constraints the trial court imposed (RR Vol. III 157:4-12).

Luis also argues that Maria waived her objection because she failed to point out specific inaccuracies in the translations (*See, Brief for Appellee,* pg.19). This argument is the basic premise of Maria's entire contention. Maria was *denied the opportunity* to have a translator review the translation so that she could point out specific inaccuracies. The trial court's evidentiary rulings on this issue providing counsel for Maria 12 minutes to review the accuracy of Spanish translations amounted to harmful error and was calculated to cause and probably did cause the rendition of an improper judgment. (RR Vol. III 157:4-12).

There is no specific test for harmless-error review, it is a matter of judgment based on the appellate court's evaluation of the entire case, considering the state of the evidence, the strength and weakness of the case, and the verdict (*See, Reliance Steel & Aluminum Co. v. Sevcik,* 267 S.W.3d 867, 871 (Tex. 2008); *State v. Central Expressway Sign Assocs.,* 302 S.W.3d 866, 870 (Tex. 2009)). Moreover, Luis' contention that the verdict did not "turn on" the admission of the Spanish translated documents misstates the standard of

review for erroneous evidentiary rulings. The Supreme Court of Texas in *McCraw v. Maris,* requires an appellant to show the error probably caused the rendition of an improper judgment not that the judgment "turns on" the evidence admitted or excluded (*See, McCraw v. Maris,* 828 S.W.2d 756, 758 (Tex. 1992)). After the Supreme Court's ruling, Texas Rule of Appellate Procedure 44.1(a) adopted the "error probably caused the rendition of an improper judgment" language thereby eliminating any question that the standard of review for evidentiary rulings is a "but for" or "turns on" test. (*See,* Tex. R. App. P. 44.1(a)).

**REPLY TO APPELLEE'S RESPONSE, IF ANY, TO APPELLANT'S ISSUE NO. 4:**

Findings of Fact and Conclusions of Law are not properly requested in a trial by jury (*See,* Tex. R. Civ. P. 296). Although Maria timely filed a request for the alternate or extended possession schedule pursuant to Tex. Fam. Code §153.317 as well as a request for findings in the possession schedule, the trial court failed to filed Findings of Fact as to those issues (CC 108-109, 112). Luis' contention that Maria failed to file a Notice of Past Due Findings pursuant to Tex. R. Civ. P. 297 is inapplicable to this case. Maria filed a request for findings only as to the issues in which the trial court ruled on, not the jury's verdict. Pursuant to Tex. Fam. Code §153.258 a party can request findings when a trial court deviates from a standard possession schedule. As stated therein, these requests are "without regard to rules 296 through 299 of the Texas Rules of Civil Procedure" (*See,* Tex. Fam. Code §153.258). Thus, Maria is statutorily entitled to those findings simply from the timely request without the need to file a Notice of Past Due Findings, and a failure by a trial court to file said findings shall result in an abatement of the appeal if the appellate

6

court cannot determine from the record the reasons for the deviation (*See, In re MAS,* 233 S.W.3d 915, 924 (Tex. App. – Dallas 2007, no pet.).

## CONCLUSION

Although Maria believes that any one of these evidentiary errors calculated to cause or probably did cause the rendition of an improper judgment, certainly the multiple errors, even if considered harmless taken separately, result in reversal and remand for a new trial if the cumulative effect of such errors is harmful (*See, Jones v. Lurie,* 32 S.W.3d 737, 745 (Tex. App. – Houston [14th Dist.] 2000, no pet.).

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant, Maria Estrada prays that this Honorable Court REVERSE and REMAND this case for a new trial court and grant such other and further relief to which Appellant may show herself to be justly entitled.

## CERTIFICATE OF SERVICE

I Jessica L. Lambert, hereby certify that a true and correct copy of the above and foregoing instrument, REPLY BRIEF FOR APPELLANT, was sent via electronic filing on this **13TH day of July 2015**, in accordance with the Texas Rules of Civil and Appellate Procedure to the following:

Yvonne Trevino
Law Office of Yvonne Trevino
5545 Fredericksburg Rd. Suite 210
San Antonio, Texas 78229
yvonne@trevinofamilylaw.com

By: _____
JESSICA L. LAMBERT

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

I certify that this document was produced on a computer using Microsoft Word and contains 1912 words, as determined by the computer software's word-count function, excluding sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(2)(C), if any.

JESSICA L. LAMBERT
Attorney for Appellant, Maria Estrada
Dated: July 13, 2015